## CHARLESTON.

W. H. CALDWELL *v.* W. D. CLINE

(No. 6776)

Submitted October 14, 1930.   Decided October 21, 1930.

(Rehearing denied December 1, 1930).

554

*John R. Pendleton,* for appellant.
*James W. Harman,* for appellee.

LIVELY, PRESIDENT:

In this chancery suit for the specific performance of a contract for the sale and exchange of real estate, the chancellor sustained a demurrer to plaintiff's bill of complaint and dismissed the bill. Plaintiff appeals.

According to the allegations contained in the bill, W. D. Cline, residing at Valls Creek, McDowell County, West Virginia, owner of a tract of land on Indian Creek, McDowell County, addressed a letter, dated January 29, 1929, to W. H. Caldwell, at Peterstown, Monroe County, West Virginia in which Cline proposed to pay to Caldwell the sum of $6,000.00 cash and to deed to Caldwell his land on Indian Creek in exchange for Caldwell's land known as the McKinsey farm. The letter further provided that Cline "will give you (Caldwell) eight days in which" to accept or reject the offer. Caldwell received the letter at Peterstown on February 2, 1929. On February 8, 1929, the offeree wired Cline as follows: "Land deal is made. Prepare deed to me. See letter." The telegram reached Cline on February 9, 1929. Upon Cline's refusal to carry out the terms of the alleged agreement, plaintiff instituted this suit for specific performance, the titles to the farms remaining unchanged.

The first ground relied upon by defendant to sustain his demurrer to the bill is that the offer and acceptance are too vague and uncertain. These qualities can certainly not be attributed to defendant's offer. The uncertainty in the offer, if any, relates to the question as to when an offer becomes completed, and not to the *duration* of the offer. The letter provides for acceptance within *eight days,* which is indeed a mathematical certainty. If there is any vagueness in the acceptance telegram, it is as to the intendment of the offeree in the use

of the words "See letter," for it is not clear whether the words refer to defendant's offering letter, or to one confirming offeree's telegraphic acceptance. A letter purporting to accept an offer, which, in reality, varied the terms thereof, would constitute a defense; but, in the instant case, the record contains only the bill and the demurrer, and the bill relates to but one letter, which is the offering letter of defendant. Without more, the telegram of acceptance appears sufficient to constitute an unconditional acceptance.

Defendant's main contention is that the offer was not accepted within the time limit specified in the offer, and counsel for defendant, in his brief, states the law to be as "the time for acceptance runs from the date of the offer and not from the date of its delivery." The subject of contract by mail began with the English case of *Kennedy* v. *Lee,* 3 Meriv., and was followed a few years later by *Adams* v. *Lindsell,* 1 B. & Ald. 681 (1818), and courts have had no hesitation in recognizing the validity of simple contracts thus made. Page, Law of Contracts, sec. 198; *Campbell* v. *Beard,* 57 W. Va. 501; *Cobb* v. *Dunlevie,* 63 W. Va. 398. *Adams* v. *Lindsell, supra,* was an action for non-delivery of a lot of wool. On September 2, 1817, the defendant wrote from St. Ives to the plaintiffs, living in Bromsgrove, making an offer of a lot of wool on stated terms, one of which was contained in this phrase, "receiving your answer in due course of post." The letter was misdirected, and, in consequence, was not delivered to plaintiffs until September 5th, when an acceptance was sent by return of post and reached defendants on the 9th. Meanwhile, on the 8th, the wool had been sold to other parties. The court, adjudging that a contract had been made upon the posting of the acceptance, stated "that defendants must be considered in law as making, during every instant of the time their letter was traveling, the same identical offer to the plaintiffs." Taken literally, it would follow that an offer was made at the instant the letter is mailed. That the quoted statement from *Adams* v. *Lindsell* lends difficulty is recognized and criticized by an eminent writer, who finds "the truth of the matter" stated thus in *Bennett* v. *Cosgriff,* 38 L. T. Rep. (N. S.) 177: "A

letter is a continuing offer or order, or statement by the sender which takes effect in the place where the person to whom it is sent receives it." Williston, Contracts, Vol. 1, p. 50; and other courts and text writers have recognized the rule that where a person uses the post to make an offer, the offer is not made when it is posted but when it is received. *Manufacturing Co.* v. *Berg,* 48 Pa. Super. Court 419; see also Restatement of Law of Contracts, Amer. Law Inst., sec. 23; Page, Law of Contracts, sec. 198; 13 C. J., 300; *O'Donohoe* v. *Wiley,* 43 U. C. Q. B. 350. The reason for such a rule is clear. When contracting parties are present, words spoken by one party must strike the ear of the other before there can be mutual assent. So *inter absentes,* letters, which perform the office of words, must come to the knowledge of the party to whom they are addressed before they are accorded legal existence. "The distinction between contracts *inter presentes* and those *inter absentes* has no metaphysical existence, for even *inter presentes* some appreciable time must elapse between the offer on the one hand and the acceptance on the other. As the parties withdraw from each other this time increases, and when they are so far apart that they are obliged to resort to writing to communicate their thoughts to each other, it is none the less true of the communications made by this medium, than of those made by means of spoken words, that in law they are allowed no existence until they reach the intelligence of the person to whom they are addressed." 1 Amer. Law Rev. 434, 456.

As in other contracts, to consummate a contract for the sale of land, there must be mutual assent (27 R. C. L. 323) and where the proposal to sell stipulates a limited time for acceptance, it is essential, to constitute a valid contract, that the acceptance be communicated to the proposer within the time limited. *Dyer* v. *Duffy,* 39 W. Va. 148.

The letter, proposing that Cline "will give you eight days" to accept or reject the offer, is, without more, conclusive of the offeror's intention; and, the unconditional acceptance having been received by Cline within the specified time limit, the result was a concurrence of the minds of the contracting parties upon the subject matter of their negotiations; in other words, a consummated contract, (*Iron Works* v. *Construction Co.,* 86

W. Va. 173), and one which equity may enforce. *Hastings* v. *Montgomery*, 95 W. Va. 734.

The contention of defendant, relied upon as a third ground in his demurrer, that acceptance could be made only by letter is without merit, since the offer did not provide the means of communication. *Lucas* v. *Telegraph Co.*, 109 N. W. (Iowa) 191.

Being of the opinion that the allegations contained in the bill were sufficient, we reverse the decree of the lower court and re-instate plaintiff's bill of complaint.

*Reversed; bill re-instated; cause remanded.*